

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC, *et al.*,<br><br>          Plaintiffs,<br><br>v.<br><br>ALAN WILSON, in his official capacity as Attorney General of South Carolina, *et al.*,<br><br>          Defendants. | Civil Action No.: 3:21-00508-MGL |

## **TEMPORARY RESTRAINING ORDER**

Plaintiffs have moved for an order temporarily restraining Defendants, their employees, agents, successors, and all others acting in concert or participating with them, from enforcing SC Fetal Heartbeat Protection from Abortion Act ("the Act"), signed into law by Governor Henry McMaster on February 18, 2021. The Act provides that "no person shall perform, induce, or attempt to perform or induce an abortion" where the "fetal heartbeat has been detected." S.C. Code Ann. § 44-41-680(A). It defines "fetal heartbeat" to include any "cardiac activity, or the steady and repetitive rhythmic contraction of the fetal heart, within the gestational sac." *Id.* § 44-41-610(3). The Act also includes new ultrasound, mandatory disclosure, recordkeeping, reporting, and written notice requirements that are closely intertwined with the operation of the prohibition on abortion after detection of cardiac activity. *See, e.g.*, S.C. Code Ann. §§ 44-41-640, -650; *id.* § 44-41-460(A); *id.* § 44-41-330(A)(1)(b); *id.* § 44-41-60.

The Court has considered the pleadings, legal authority, and arguments presented in support of Plaintiffs' motion, the sworn declarations submitted with that motion, the arguments presented in opposition to Plaintiffs' motion, and the arguments made by counsel at a hearing on Plaintiffs' motion on February 19, 2021. Based on that review, the Court has determined that good cause exists to grant the relief requested by Plaintiffs.

Specifically, pursuant to Federal Rule of Civil Procedure 65(d), the Court finds that Plaintiffs have established a substantial likelihood of success on the merits of their claim that the Act violates the substantive due process rights of Plaintiffs' patients to previability abortion, as guaranteed by the U.S. Constitution's Fourteenth Amendment. The Supreme Court has held that a state may not "prohibit any woman from making the ultimate decision to terminate her pregnancy before viability." *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 879 (1992); *see also Roe v. Wade*, 410 U.S. 113 (1973); *June Med. Servs., LLC v. Russo*, 140 S. Ct. 2103, 2135 (2020) (Roberts, C.J., concurring) ("*Casey* reaffirmed the most central principle of *Roe v. Wade*, a woman's right to terminate her pregnancy before viability" (internal citations and quotations omitted)); *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2309 (2016) (confirming that *Casey* remains binding precedent); *Stenberg v. Carhart*, 530 U.S. 914, 921 (2000) (declining to "revisit" the legal principle that "before 'viability . . . the woman has a right to choose to terminate her pregnancy'" (quoting *Casey*, 505 U.S. at 870)).

South Carolina Code establishes a legal presumption that "viability occurs no sooner than the twenty-fourth week of pregnancy," S.C. Code Ann. § 44-41-10(l), a presumption supported by Plaintiffs' evidence, *see* Declaration of Katherine Farris, M.D. ("Farris Decl.") ¶ 20. Yet the Act expressly bars the provision of nearly all abortions in South Carolina upon detection of embryonic or fetal "cardiac activity," which may occur as early as six weeks of pregnancy, or even sooner,

Farris Decl. ¶ 23. That point in pregnancy may be just two weeks after a patient has her first missed period. *Id.* ¶ 32. Viability is "medically impossible" at six weeks of pregnancy, or at any time in the first trimester of pregnancy, when Plaintiffs provide abortion services in South Carolina. *Id.* ¶ 21.

Because the Act bans abortion months before any fetus could be viable, *id.* ¶¶ 20–21, Plaintiffs are likely to succeed on their claim that the Act is unconstitutional. Indeed, courts have "universally" invalidated laws that ban abortions beginning at a gestational age prior to viability. *Bryant v. Woodall*, 363 F. Supp. 3d 611, 630–31 (M.D.N.C. 2019) (20-week ban), *appeal filed on other grounds*, No. 19-1685 (4th Cir. June 26, 2019) (collecting cases). *See Jackson Women's Health Org. v. Dobbs*, 945 F.3d 265, 269 (5th Cir. 2019) (15-week ban); *MKB Mgmt. Corp. v. Stenehjem*, 795 F.3d 768, 776 (8th Cir. 2015), *cert. denied*, 136 S. Ct. 981 (2016) (6-week ban); *Edwards v. Beck*, 786 F.3d 1113, 1115 (8th Cir. 2015), *cert. denied*, 136 S. Ct. 895 (2016) (12-week ban); *McCormack v. Herzog*, 788 F.3d 1017, 1029 (9th Cir. 2015) (equivalent of 22-week LMP ban); *Isaacson v. Horne*, 716 F.3d 1213, 1217 (9th Cir. 2013), *cert. denied*, 571 U.S. 1127 (2014) (20-week ban); *Jane L. v. Bangerter*, 102 F.3d 1112 (10th Cir. 1996) (equivalent of 22-week LMP ban); *Sojourner T v. Edwards*, 974 F.2d 27, 31 (5th Cir. 1992), *cert. denied*, 507 U.S. 972 (1993) (ban at all gestational ages); *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 962 F.2d 1366, 1368–69 (9th Cir. 1992), *cert. denied*, 506 U.S. 1011 (1992) (ban at all gestational ages); *SisterSong Women of Color Reprod. Justice Collective v. Kemp*, 472 F. Supp. 3d 1297, 1312 (N.D. Ga. 2020) (ban upon cardiac activity), *appeal filed*, No. 20-13024 (11th Cir. Aug. 11, 2020); *see also, e.g.*, *EMW Women's Surgical Ctr., P.S.C. v. Beshear*, No. 3:19-CV-178-DJH, 2019 WL 1233575, at *2 (W.D. Ky. Mar. 15, 2019) (temporary restraining order of ban upon cardiac activity); *Preterm-Cleveland v. Yost*, 394 F. Supp. 3d 796, 804 (S.D. Ohio 2019) (preliminary

injunction of ban upon cardiac activity); *Memphis Ctr. for Reprod. Health v. Slatery*, No. 3:20-CV-00501, 2020 WL 4274198, at *2 (M.D. Tenn. July 24, 2020) (same), *appeal filed*, No. 20-5969 (6th Cir. Aug. 24, 2020).

The Court also finds that Plaintiffs' patients are likely to suffer irreparable injury absent a temporary restraining order. To avoid the harsh effects of the Act, which became effective immediately upon the governor's signature on February 18, 2021, Plaintiffs have demonstrated that they will be forced to stop providing abortion services to the vast majority of their patients. Farris Decl. ¶ 47; Declaration of Terry L. Buffkin, M.D. ("Buffkin Decl.") ¶ 26. They also attest that 75 patients are scheduled for abortion appointments in the next 72 hours, including some as soon as today. Farris Decl. ¶ 60; Buffkin Decl. ¶ 23. Among the patients with scheduled abortion appointments in the next 72 hours are at least three patients whose pregnancies are within just days of the second trimester, at which point Plaintiffs could not, consistent with their state abortion clinic licenses, provide abortion services, even if the Act were later enjoined. Farris Decl. ¶ 60.

The Act will likely deny to each of these patients, and the vast majority of Plaintiffs' future patients, access to timely and constitutionally protected previability abortions. "It is well settled that any deprivation of constitutional rights 'for even minimal periods of time' constitutes irreparable injury." *Condon v. Haley*, 21 F. Supp. 3d 572, 588 (D.S.C. 2014) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see also Doe v. Charleston Area Med. Ctr., Inc.*, 529 F.2d 638, 644 (4th Cir. 1975) (concluding that the denial of a right to abortion is "beyond argument" irreparable injury); *accord Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. Unit B 1981). Plaintiffs have also demonstrated that patients would suffer a range of other financial, physical, mental, and emotional harms caused by denial of access to abortion in South

Carolina, *see* Farris Decl. ¶¶ 52–58; Buffkin Decl. ¶ 24, and these harms are likewise irreparable, *see Roe*, 410 U.S. at 153; *Doe*, 529 F.2d at 644.

The Court further finds that the balance of equities and public interest favor entry of a temporary restraining order. The State is "in no way harmed" by issuance of preliminary relief that prevents it from enforcing a law that "is likely to be found unconstitutional." *Newsom ex rel. Newsom v. Albemarle Cnty. Sch. Bd.*, 354 F.3d 249, 261 (4th Cir. 2003). "If anything, the system is improved by such an injunction." *Giovani Carandola, Ltd. v. Bason*, 303 F.3d 507, 521 (4th Cir. 2002) (citation omitted). Likewise, the public interest is served by entry of an injunction necessary to "uphold[] constitutional rights." *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 248 (4th Cir. 2014) (quoting *Newsom*, 354 F.3d at 261); *accord Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 190 (4th Cir. 2013) (en banc). And because South Carolina already bans nearly all abortions after viability, *see* S.C. Code Ann. § 44-41-450, the only effect of an injunction would be to prevent South Carolina from enforcing its plainly unconstitutional ban on previability abortions.

This Court exercises its discretion to waive posting of a bond in this case. *See* Fed. R. Civ. Proc. 65(c); *see also Pashby v. Delia*, 709 F.3d 307, 332 (4th Cir. 2013). The relief sought will result in no monetary loss to Defendants. *See, e.g.*, *Accident, Inj. & Rehab., PC v. Azar*, 336 F. Supp. 3d 599, 606 (D.S.C. 2018) (citing *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999)). Moreover, in light of the fact that Plaintiffs serve patients who have low incomes and who reside in underserved communities, a bond may strain their limited resources.

5

THEREFORE, it is hereby ORDERED that the motion is **GRANTED** and Defendants and their employees, agents, successors, and all others acting in concert or participating with them, are **TEMPORARILY RESTRAINED** from enforcing the Act statewide.

This Temporary Restraining Order shall expire on March 5, 2021, at 11:59 PM unless extended by the Court.

Plaintiffs shall not be required to post bond.

**IT IS SO ORDERED.**

Signed this 19th day of February 2021, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE