IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Planned Parenthood South Atlantic, on behalf of itself, its patients, and its physicians and staff, *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> Alan Wilson, in his official capacity as Attorney General of South Carolina, *et al.*, <br><br> Defendants. | Civil Action No. 3:21-cv-00508-MGL <br><br><br> SPEAKER LUCAS'S MOTION TO INTERVENE |

James H. "Jay" Lucas, in his official capacity as Speaker of the South Carolina House of Representatives, respectfully moves the Court for leave to intervene in this matter, both as a matter of right and permissively. This case involves a challenge to the South Carolina Fetal Heartbeat and Protection from Abortion Act, and it was filed moments after the law was enacted by the Legislature, but before it was even signed by the Governor.

Through this law, the General Assembly struck a careful balance between protecting the lives of unborn humans and protecting the health of the mother carrying the unborn human. Because he is the leader of a chamber of the General Assembly, Speaker Lucas seeks to intervene to defend the Legislature's work protecting the public's health, safety, and general welfare.

**STANDARD FOR INTERVENTION**

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties

adequately represent that interest." Similarly, Rule 24(b)(1)(B) permits intervention as a matter of the Court's discretion when the movant "has a claim or defense that shares with the main action a common question of law or fact."

In either instance, "liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

## ARGUMENT

**I.    Legislative leadership is entitled to intervene as a matter of right, as only the South Carolina General Assembly can assert and defend the interests that are committed to the Legislature's exclusive jurisdiction by the South Carolina Constitution.**

In order for Speaker Lucas to intervene as a matter of right, he must show that this application is timely, that he has "an interest in the subject matter of the underlying action," that he is unable to protect that interest if not allowed to intervene, and that his interest is "not adequately represented" by the existing litigants. *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). He readily meets these criteria.

**Timeliness:** The challenged legislation was enacted on February 18, 2021, the same day that this suit was filed. The only material litigation activity to take place thus far is the Court's entry of a temporary restraining order that is set to expire on March 5th. By seeking to intervene within five days of the case's commencement, Speaker Lucas's motion is timely by any measure.

**Interests in the Subject Matter:** The South Carolina Constitution vests plenary power in the General Assembly to provide for the health, safety, and welfare of South Carolinians. *See, e.g.*, S.C. Const. art. XII, § 1 ("The health, welfare, and safety of the lives and property of the people of this State and the conservation of its natural resources are matters of public concern. The

General Assembly shall provide appropriate agencies to function in these areas of public concern and determine the activities, powers, and duties of such agencies."). The General Assembly "may enact any law not expressly, or by clear implication, prohibited by the State or Federal Constitutions" that advances a public purpose. *Moseley v. Welch*, 209 S.C. 19, 27, 39 S.E.2d 133, 137 (1946); *see City of Rock Hill v. Harris*, 391 S.C. 149, 154, 705 S.E.2d 53, 55 (2011) ("The power of our state legislature is plenary, and therefore, the authority given to the General Assembly by our Constitution is a limitation of legislative power, not a grant.").

Providing for the protection of the unborn and patients, and balancing the competing interests at stake in the various scenarios in which an abortion may be contemplated, is precisely what the General Assembly has done here through the challenged legislation. Because establishing these policies on behalf of the State is within the exclusive constitutional purview of the Legislature, Speaker Lucas—in his capacity as a legislative leader—has a significant interest in this litigation.

**Unable to Protect Interests:** If the Court denies intervention, the Legislature will be unable to defend its policy judgments or promote the legitimate state interests that are embodied by the challenged legislation. It would be fundamentally improper for the Court to accept the Plaintiffs' invitation to enjoin a duly enacted South Carolina law without also giving the General Assembly the opportunity to defend that same law.

**Not Adequately Represented by Existing Parties:** Finally, none of the existing parties can adequately represent Speaker Lucas's interests in this litigation because none of them bear the constitutional responsibility for establishing South Carolina law that the General Assembly does. While the existing defendants may share common goals with Speaker Lucas, they are all members of the executive branch of government; none speak from the perspective of protecting and

defending the work of the Legislature and its policy judgments, and none share this same interest with Speaker Lucas.

To be sure, the General Assembly has recognized that its own leadership can best represent the Legislature's interests and expressly authorized its leadership to seek intervention in federal litigation where a state law is challenged, even if the Attorney General has also appeared in the case. *See* 2019–20 Appropriations Act § 91.26 (vesting the President of the Senate and the Speaker of the House of Representatives with the authority to seek to intervene in federal litigation in cases challenging the constitutionality of a state statute or "any action of the Legislature"); S.C. Acts 135 § 1(A)(2) (May 18, 2020) (extending the 2019–20 Appropriations Act, including the provision directing legislative leadership to intervene in litigation, indefinitely due to the Covid-19 pandemic).

The Court has previously recognized that such legislation authorizes intervention as a matter of right for state legislative leaders. *See, e.g.*, *SCE&G v. Whitfield*, Case No. 3:18-cv-1795-JMC, 2018 U.S. Dist. LEXIS 120174, at *11 (D.S.C. July 18, 2018) ("Additionally, if a state statute or legislative act gives legislative leaders authority to defend legislative enactments, then the legislative leaders are able to intervene as a matter of right."). It should reinforce this principle here and permit Speaker Lucas to intervene as a matter of right in this matter.

**II.     Alternatively, Speaker Lucas should be permitted to intervene because the interests he seeks to assert and defend are put squarely at issue by the Plaintiffs' request that the Court enjoin enforcement of a South Carolina statute.**

If the Court does not believe that Speaker Lucas has a right to intervene, it should still permit him to do so. As this Court recently recognized when Speaker Lucas sought to intervene in other constitutional challenges to South Carolina law, Rule 24(b) "should be construed liberally in favor of intervention." *Thomas v. Andino*, Case No. 3:20-cv-1552-JMC, 2020 U.S. Dist. LEXIS

4

154244, at *7 (D.S.C. Aug. 24, 2020) (quoting *Savannah Riverkeeper v. U.S. Army Corps of Eng'rs*, Case No. 9:12-610-RMG, 2012 U.S. Dist. LEXIS 200026, at *7 (D.S.C. Aug. 14, 2012)).

Permissive intervention should be allowed when a motion is timely filed, when the movant asserts a common question of law or fact to that already presented in the case, and when the intervention will not unduly delay the litigation. *Id.*

Speaker Lucas meets this low threshold for permissive intervention. As explained above, this motion is filed less than a week after the case began. And because the case is still in a preliminary stage, the addition of legislative leadership at the outset will not cause any delay or prejudice to the Plaintiffs or any other litigant, as Speaker Lucas is prepared to meet all of the case's existing deadlines.

Finally, Speaker Lucas's position in this case arises exclusively from the same law that is challenged in the Complaint. The Plaintiffs ask this Court to suspend a duly enacted statute that was designed by the General Assembly to provide for the health, safety, and welfare of South Carolinians; Speaker Lucas seeks to intervene in order to protect the General Assembly's interests in that same law.

Accordingly, Speaker Lucas should be permitted to intervene in this case to protect the Legislature's interests that are at issue in, and jeopardized by, this litigation, just as the Court has previously approved. *See, e.g.*, *id.* at *17–18 (permitting Speaker Lucas and President Peeler to permissively intervene in litigation challenging portions of the South Carolina Election Code); *Middleton v. Andino*, Case No. 3:20-cv-1730-JMC, 2020 U.S. Dist. LEXIS 152138, at *16–17 (D.S.C. Aug. 21, 2020) (same).

**III.     If this motion is granted, Speaker Lucas intends to defend the constitutionality of the challenged legislation.**

Pursuant to Rule 24(c), Speaker Lucas states that he intends to defend the constitutionality of the challenged legislation if the Court grants this motion. *See SCE&G*, 2018 U.S. Dist. LEXIS 120174, at *6 n.4 (providing that a potential intervenor need not attach a proposed pleading to its motion to intervene as long as the motion "provides notice to the court and the parties of his intention in the case").

The Legislature's findings supporting the statute are laid out in Section 2 of the Act. In particular, because of contemporary medical research, the General Assembly has made the policy judgment that certain measures should be taken, for the safety and health of the mother and the unborn child, when a fetal heartbeat is detected because the presence of a heartbeat is "a key medical predictor that an unborn human individual will reach live birth." S.C. Acts 1 § 2(5) (Feb. 18, 2021). Speaker Lucas intends to present a factual record that would support these findings and the ultimate constitutionality of the challenged statute.

## CONCLUSION

For the reasons explained above, Speaker Lucas respectfully requests that the Court grant this motion and allow him to intervene in this case. Speaker Lucas further states that he consulted with counsel for the Plaintiffs prior to filing this motion, but that they did not consent to his intervention.

*Signature Page Attached*

WOMBLE BOND DICKINSON (US) LLP

By: /s/ Kevin A. Hall
    Federal Bar No. 5375
    kevin.hall@wbd-us.com
    M. Todd Carroll
    Federal Bar No. 9742
    todd.carroll@wbd-us.com
    1221 Main Street, Suite 1600
    Columbia, South Carolina 29201
    803-454-6504

*Attorneys for Representative James H. Lucas, in his capacity as Speaker of the South Carolina House of Representatives*

February 23, 2021