

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC *et al.*, <br>     Plaintiffs, <br><br> vs. <br><br> ALAN WILSON, in his official capacity as Attorney General of South Carolina *et al.*, <br>     Defendants. | § § § § § § § § § § | Civil Action No.: 3:21-00508-MGL |

## MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO INTERVENE

### I.   INTRODUCTION

Planned Parenthood South Atlantic, on behalf of itself, its patients, and its physicians and staff; Greenville Women's Clinic, on behalf of itself, its patients, and its physicians and staff; and Terry L. Buffkin, M.D., on behalf of himself and his patients (collectively, Plaintiffs) moved, pursuant to Fed. R. Civ. P. 65, for a temporary restraining order and preliminary injunction to enjoin Alan Wilson, in his official capacity as Attorney General of South Carolina (AG Wilson); Edward Simmer, in his official capacity as Director of the South Carolina Department of Health and Environmental Control; Anne G. Cook, in her official capacity as President of the South Carolina Board of Medical Examiners (SCBME); Stephen I. Schabel, in his official capacity as Vice President of the SCBME; Ronald Januchowski, in his official capacity as Secretary of the SCBME; Jim C. Chow, in his official capacity as a Member of the SCBME; George S. Dilts, in

his official capacity as a Member of the SCBME; Dion Franga, in his official capacity as a Member of the SCBME; Richard Howell, in his official capacity as a Member of the SCBME; Theresa Mills-Floyd, in her official capacity as a Member of the SCBME; Jeffrey A. Walsh, in his official capacity as a Member of the SCBME; Christopher C. Wright, in his official capacity as a Member of the SCBME; Scarlett A. Wilson, in her official capacity as Solicitor for South Carolina's 9th Judicial Circuit; Byron E. Gipson, in his official capacity as Solicitor for South Carolina's 5th Judicial Circuit; and William Walter Wilkins, III, in his official capacity as Solicitor for South Carolina's 13th Judicial Circuit (collectively, Defendants) from enforcing the South Carolina Fetal Heartbeat and Protection from Abortion Act, S.1, R-2, Act. No 1 of 2021 (the Act). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

Currently pending before the Court are two separate motions to intervene: the first filed by Governor Henry McMaster, in his official capacity as Governor of the State of South Carolina (Governor McMaster), and the second filed by South Carolina House of Representatives Speaker James H. Lucas, in his official capacity as Speaker of the South Carolina House of Representatives, also known as Jay (Speaker Lucas) (collectively, Proposed Intervenors). Having carefully considered the Proposed Intervenors' motions, the consolidated response, the reply, the record, and the applicable law, it is the judgment of the Court the Proposed Intervenors' motions will be granted.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     *Factual History*

On February 18, 2021, Governor McMaster signed the Act into law. The Act provides that "no person shall perform, induce, or attempt to perform or induce an abortion" where the "fetal

heartbeat has been detected." S.C. Code Ann. § 44-41-680(A). The Act defines "fetal heartbeat" to include any "cardiac activity, or the steady and repetitive rhythmic contraction of the fetal heart, within the gestational sac." *Id.* § 44-41-610(3). The Act also includes new mandatory ultrasound, mandatory disclosure, recordkeeping, reporting, and written notice requirements that are closely intertwined with the operation of the prohibition on abortion after detection of cardiac activity. *See, e.g.*, S.C. Code Ann. §§ 44-41-640, -650; *id.* § 44-41-460(A); *id.* § 44-41-330(A)(1)(b); *id.* § 44-41-60.

### B.    *Procedural History*

As is relevant here, Plaintiffs filed their complaint and motion for a temporary restraining order (TRO) and preliminary injunction (PI) on February 18, 2021. The Court, on February 19, 2021, granted Plaintiffs' TRO. On February 22, 2021, Governor McMaster filed a motion to intervene as a matter of right under Rule 24(a)(2), or alternatively with the Court's permission under Rule 24(b)(1)(B), (2). The following day, on February 23, 2021, Speaker Lucas filed a motion to intervene as a matter of right under Rule 24(a)(2), or alternatively with the Court's permission under Rule 24(b)(1)(B). Plaintiffs, on March 5, 2021, filed their consolidated response in opposition to the Proposed Intervenors' motions to intervene. Also, on March 5, 2021, the Court extended the TRO for another fourteen days. Governor McMaster, on March 7, 2021, filed a reply to Plaintiffs' response. The Court, having been fully briefed on the relevant issues, will now adjudicate both motions to intervene.

### III.    STANDARD OF REVIEW

Individuals or organizations may seek intervention under Rule 24 in two ways: by right or with the Court's permission. *See* Rule 24(a)(2), (b)(1)(B).

To intervene as a matter of right under Rule 24(a)(2), the proposed intervenor must meet all four of the following requirements: "(1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." *Houston General Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). Failure to meet even one of these requirements will result in the Court's denial of a proposed intervenor's motion to intervene by right. *Id*.

A court may grant permissive intervention if the proposed intervenor, on timely motion, "has a claim or defense that shares with the main action a common question of law or fact" and the intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(1)(B), (b)(3).

### IV.    DISCUSSION AND ANALYSIS

The Proposed Intervenors argue they should be allowed to intervene by right, or instead through permissive intervention. Plaintiffs counter the Proposed Intervenors fail to meet all four requirements set forth in *Moore* to intervene by right. Plaintiffs likewise contend the Court should reject the Proposed Intervenors' request for permissive intervention. The Court will examine each argument in turn.

### A.    *Whether the Proposed Intervenors meet all four* **Moore** *requirements to intervene by right pursuant to Rule 24(a)(2)*

As noted above, the Proposed Intervenors must meet all four *Moore* requirements to intervene as a matter of right pursuant to Rule 24(a)(2). And, failure to meet one requirement will result in the Court's denial of a proposed intervenors' motion to intervene by right.

Here, the Court need only look at the fourth requirement, whether "the applicant's interest is not adequately represented by the existing parties to the litigation[,] *see Moore*, 193 F.3d at 839, to conclude the Proposed Intervenors' intervention by right is improper.

The Proposed Intervenors contend their interests inadequately represented by the existing parties. As to Governor McMaster, he posits "Defendants do not have the same constitutional authority and duties as the Governor, they largely do not have the same constituencies as the Governor, and they cannot speak for the Governor as to Plaintiffs' specific allegations about the Governor's statements." Governor McMaster's Mot. to Intervene at 9 (internal citation omitted). Speaker Lucas avers none of the Defendants "bear the constitutional responsibility for establishing South Carolina law that the General Assembly does[,]" nor do the Defendants "speak from the perspective of protecting and defending the work of the Legislature and its policy judgments, and none share this same interest with Speaker Lucas." Speaker Lucas's Mot. to Intervene at 3–4.

Plaintiffs posit, on the other hand, the Proposed Intervenors' arguments "fail to articulate why existing South Carolina government Defendant Attorney General Wilson does not adequately represent their interests in defending the constitutionality of South Carolina laws." Pls.' Resp. in Opp'n to Proposed Intervenors' Mot. to Intervene at 8. In particular, Plaintiffs direct the Court's attention to AG Wilson's zealous defense of the Act thus far in the litigation. *See id.* ("The Attorney General's office has filed opposition briefs in defense of [the Act], submitted expert witness testimony in support of that [position], and appeared before the Court to argue his cause" all the while "repeatedly den[ying] Plaintiffs' claim that [the Act] violates the U.S. Constitution and urg[ing] the Court to permit him and the other Defendants to enforce it.").

Here, although the "burden on the applicant of demonstrating a lack of adequate representation 'should be treated as minimal[,]'" *see Teague v. Bakker*, 931 F.2d 259, 262 (4th

5

Cir. 1991) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972)), the Court concludes AG Wilson's zealous and steadfast defense of the Act as constitutional precludes the Proposed Intervenors from demonstrating their "interest[s] [are] not adequately represented by the existing parties to the litigation[,]" *see Moore*, 193 F.3d at 839.

Because the Proposed Intervenors are unable to meet all four *Moore* requirements, their motion to intervene by right will be denied.

### B. *Whether the Court should grant the Proposed Intervenors' motion for permissive intervention pursuant to Rule 24(b)(1)(B)*

The Proposed Intervenors contend the Court should grant them permissive intervention under Rule 24(b)(1)(B) because they have satisfied the three requirements of the rule: (1) their motion was timely; (2) the presence of a common question of law or fact exists; and (3) their intervention, at the early stage of this litigation, will not delay or prejudice the Plaintiffs' rights.

Plaintiffs counter that allowing intervention "would surely cause such undue delay and prejudice here." Pls.' Resp. in Opp'n to Proposed Intervenors' Mot. to Intervene at 18.

### 1. The Court will address each of the three factors required to allow permissive intervention under Rule 24(b)(1)(B). *Whether the Proposed Intervenors' motion was timely*

When determining the timeliness of a motion to intervene, the Court must examine three factors: "[1] how far the underlying suit has progressed; [2] the prejudice any resulting delay might cause the other parties; and [3] why the movant was tardy in filing its motion." *Alt. v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014).

Here, the Proposed Intervenors note they timely filed their motions to intervene shortly after Plaintiffs' filed their motion for a TRO and PI. And, Plaintiffs fail to argue the Proposed Intervenors' motions were untimely. Accordingly, the filings by the Proposed Intervenors several

days after Plaintiffs filed their motion for a TRO and PI lead the Court to conclude them timely filed.

### 2. *Whether the presence of a common question of law or fact exists*

The Proposed Intervenors argue a common question of law or fact exists because they seek to defend the very Act attacked by Plaintiffs.

The Plaintiffs, on the other hand, aver "[n]o such inadequate representation or nexus to the challenged law exists for Governor McMaster or Speaker Lucas here: only a desire to reiterate publicly their support for one of the most extreme abortion bans in the nation." Pls.' Resp. in Opp'n to Proposed Intervenors' Mot. to Intervene at 17.

Here, the interests of the Proposed Intervenors as to the constitutionality of the Act present questions of law or fact common to the Plaintiffs' complaint. In particular, Plaintiffs seek declaratory and injunctive relief that the Act is unconstitutional, while the Proposed Intervenors desire to prove the constitutionality of the Act. Consequently, the Court concludes the presence of a common question of law or fact exists.

### 3. *Whether intervention will delay or prejudice the Plaintiffs' rights*

The Proposed Intervenors aver their intervention at the early stages of this litigation fails to delay or prejudice Plaintiffs.

The Plaintiffs, on the other hand, maintain allowing the Proposed Intervenors to intervene "would complicate and potentially extend proceedings in what would otherwise be an extremely straightforward case, and one that is eligible for prompt summary resolution as a matter of black-letter law." *Id.* at 18. Furthermore, Plaintiffs aver, even if the Court concludes the Proposed Intervenors' intervention fails to cause a delay, they would be prejudiced because of the "need to

respond to *three* sets of full briefing by parties on any given issue, and the Court would need to review *four*." *Id.*

Here, as to the potential for delay, the Court agrees with the Proposed Intervenors that their involvement at this early stage of the litigation fails to delay this matter. The Court will enforce all existing deadlines upon the Proposed Intervenors. Regarding prejudice to the Plaintiffs, the Court concludes briefing by the Proposed Intervenors fails to amount to a finding of prejudice, even if it creates some additional work for the Plaintiffs and the Court. Hence, the Court concludes the Proposed Intervenors' intervention fails to prejudice Plaintiffs.

Accordingly, the Court will grant the Proposed Intervenors' motions to intervene under Rule 24(b)(1)(B).

### V.    CONCLUSION

For the reasons stated above, it is the judgment of the Court Governor McMaster's motion to intervene under Rule 24(b)(1)(B) is **GRANTED** and Speaker Lucas's motion to intervene under Rule 24(b)(1)(B) is **GRANTED.**

**IT IS SO ORDERED.**

Signed this 9th day of March 2021, in Columbia, South Carolina.

                                                s/ Mary Geiger Lewis
                                                MARY GEIGER LEWIS
                                                UNITED STATES DISTRICT JUDGE