

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC *et al.*, | § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No.: 3:21-00508-MGL |
| ALAN WILSON, *in his official capacity as Attorney General of South Carolina, et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
INTERVENOR-DEFENDANT MCMASTER'S MOTION TO DISMISS**

## I.   INTRODUCTION

Pending before the Court is Intervenor-Defendant Governor Henry McMaster's (Governor McMaster) motion to dismiss the amended complaint of Planned Parenthood South Atlantic (PPSAT), on behalf of itself, its patients, and its physicians and staff; Greenville Women's Clinic, on behalf of itself, its patients, and its physicians and staff; and Terry L. Buffkin, M.D., on behalf of himself and his patients (collectively, Plaintiffs).  Having carefully considered the motion, the response, the reply, the record, and the relevant law, the Court is of the opinion the motion should be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

### A.     *Factual History*

In Plaintiff's amended complaint, pursuant to 42 U.S.C. § 1983, they challenge the constitutionality of the South Carolina Fetal Heartbeat and Protection from Abortion Act, S.1, R-2, Act. No 1 of 2021 (S.1 or the Act).  Plaintiffs moved for a preliminary injunction to restrain Defendants, their employees, agents, successors, and all others acting in concert or participating with them, from enforcing the Act.  The Act provides that "no person shall perform, induce, or attempt to perform or induce an abortion" where the "fetal heartbeat has been detected." S.1, § 3 (adding S.C. Code Ann. § 44-41-680(A)).  It defines "fetal heartbeat" to include any "cardiac activity, or the steady and repetitive rhythmic contraction of the fetal heart, within the gestational sac." *Id.* (adding S.C. Code Ann. § 44-41-610(3)).

The Act also includes new mandatory ultrasound, mandatory disclosure, recordkeeping, reporting, and written notice requirements that are closely intertwined with the operation of the prohibition on abortion after detection of cardiac activity.  *See, e.g.,* S.1 § 3 (adding S.C. Code Ann. §§ 44-41-630, -640, -650); *id.* § 4 (amending S.C. Code Ann. § 44-41-460(A)); *id.* § 5 (adding S.C. Code Ann. § 44-41-330(A)(1)(b)); *id.* § 6 (amending S.C. Code Ann. § 44-41-60).

### B.     *Procedural History*

As is relevant here, the Court, on March 19, 2021, granted Plaintiffs' motion for a preliminary injunction.  Governor McMaster subsequently filed the instant motion, Plaintiffs responded, Governor McMaster replied, and Defendant-Intervenor South Carolina House of Representatives Speaker James H. Lucas, in his official capacity as Speaker of the South Carolina House of Representatives, filed a notice of joinder to Governor McMaster's motion to dismiss.

The Court, having been fully briefed on the relevant issues, will now adjudicate Governor McMaster's motion to dismiss.

### III.   STANDARD OF REVIEW

#### A.   *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)*

"The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Id.* (quoting *Richmond, Fredericksburg & Potmac R. Co. v. United States*, 945 F.2d 765, 769 (4th Cir. 1991)). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg*, 945 F.2d at 768.

#### B.   *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*

A party may move to dismiss a complaint based on its "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive the motion, a complaint must have "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the Court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Although the Court must accept the plaintiff's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true, even if doubtful in fact. *Twombly*, 550 U.S. at 555.

## IV.     DISCUSSION AND ANALYSIS

### A.     *Whether Plaintiffs have standing to bring this lawsuit on behalf of their patients*

Governor McMaster argues "Plaintiffs do not have standing to assert the rights of unidentified women who might use their services." McMaster's Mot. at 9. In particular, Governor McMaster posits the Court, in its Order granting Plaintiffs' motion for a preliminary injunction, neglected to "address Plaintiffs' failure to allege the requisite facts for third party standing." *Id.* Governor McMaster contends "dismissal is warranted under either Rule 12(b)(1) or Rule 12(b)(6)." *Id.* at fn 2.

Plaintiffs, in their response, repeatedly cite to the Court's March 19, 2021, Order granting their motion for a preliminary injunction that concluded Plaintiffs have third-party standing to bring this lawsuit on behalf of their patients.

Governor McMaster, in his reply, reiterates his contention Plaintiffs fail to "show a close relationship with the women they seek to deprive of legal rights and remedies afforded by the Act . . . ." McMaster's Reply at 4.

The Court previously rejected Governor McMaster's argument Plaintiffs lack third-party standing to bring this lawsuit on behalf of their patients. *See* March 19, 2021, Order at 8 (quoting Pls.'s Mot. at 1) ("As with the plaintiffs in [*June Med. Servs., LLC v. Russo*, 140 S. Ct. 2103 (2020),] Plaintiffs here bring this action to assert the constitutional rights of their patients and to challenge a law that subjects Plaintiffs to 'felony criminal and other penalties for running afoul of' the Act" and "the Court concludes Plaintiffs have third-party standing to sue."). The Court's previous holdings apply here. *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir. 1999) ("[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."). Therefore, the Court concludes Plaintiffs have third-party standing to sue on behalf of their patients, and Governor McMaster's motion to dismiss the amended complaint under Rule 12(b)(1) for lack of subject matter jurisdiction is denied.

> **B.     *Whether Plaintiffs have standing to assert a claim under Section 1983 and to obtain declaratory relief under the Declaratory Judgment Act***

Governor McMaster maintains Plaintiffs lack standing to assert a claim under Section 1983 and are unable to obtain declaratory relief under the Declaratory Judgment Act. The Court will address each argument in turn.

As to the Section 1983 argument, Governor McMaster avers Plaintiffs are unable to assert a Section 1983 claim because they are not the party injured. Thus, according to Governor McMaster, Plaintiffs "do[] not have standing to seek and obtain relief for deprivation of rights against third parties[,]" McMaster's Mot. at 13 (citation and quotations omitted), and the amended complaint must be dismissed for failure to state a claim.

Plaintiffs insist, notwithstanding the fact the Court previously concluded they have standing to seek relief under Section 1983 on behalf of their patients, "[f]ederal courts have for four decades recognized third-party standing in suits for declaratory and injunctive relief brought under Section 1983, both in cases involving abortion providers and in other contexts." Pls.' Resp. in Opp'n at 12.

Governor McMaster's reply reiterates his contention Plaintiffs are not the party injured, and as a result, are unable to state a claim under Section 1983.

Here, the Court previously concluded, in its March 19, 2021, Order that Plaintiffs are able, under Section 1983, to assert a claim on behalf of their patients. The Court's previous holdings apply here. *See Aramony*, 166 F.3d at 661 ("[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."). Consequently, the Court concludes Plaintiffs have third-party standing to assert a claim under Section 1983 on behalf of their patients.

Turning to Governor McMaster's second argument, he posits Plaintiffs are unentitled to relief under the Declaratory Judgment Act because they fail to seek a declaration of their own rights.

Plaintiffs aver they "have demonstrated and as this Court has already concluded—Plaintiffs have established third-party standing to seek declaratory and injunctive relief under Section 1983 on behalf of their patients." Pls.' Resp. in Opp'n at 15.

Governor McMaster, in his reply, reiterates his contention Plaintiffs are unable to, pursuant to the Declaratory Judgement Act, "seek a declaration of other people's rights, not their own . . . ." McMaster's Reply at 14.

The Court, in its March 19, 2021, Order concluded Plaintiffs established third-party standing to seek declaratory and injunctive relief under Section 1983 on behalf of their patients. The Court's previous holdings apply here. *See Aramony*, 166 F.3d at 661 ("[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case."). Accordingly, the Court concludes Plaintiffs are entitled to relief under the Declaratory Judgement Act, and Governor McMaster's motion to dismiss the amended complaint is denied.

### C.     *Whether Plaintiffs fail to state a claim as to the Act's disclosure, recordkeeping, and reporting requirements*

Governor McMaster argues "Plaintiffs' action also fails to state a claim to the extent it seeks invalidation of the entire Act." McMaster's Mot. at 20.

Plaintiffs, in their response, assert the "Court's preliminary injunction order correctly concluded that the Six-Week Ban is unconstitutional under binding law, discussed the preliminary injunction factors with respect to that ban, and explained, in detail, that the other provisions cannot be severed and must be enjoined." Pls.' Resp. in Opp'n at 17. Thus, Plaintiffs contend the "Court should not revisit those well-founded conclusions—and indeed cannot do so—on a motion to dismiss where the legal sufficiency of Plaintiffs' complaint is beyond question." *Id.*

Governor McMaster, in his reply, maintains "[b]ecause the Act requires any invalidated provisions to be severed, dismissal of the aspect of [Plaintiffs'] claim for relief that seeks wholesale invalidation is warranted."  McMaster's Reply at 15.

Here, the Court, in its March 19, 2021, Order previously concluded, after an extensive and detailed analysis of the different sections of the Act, that the provisions are unable to be severed and must be enjoined.  The Court's previous holdings apply here.  *See Aramony*, 166 F.3d at 661 ("[T]he doctrine of the law of the case posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.").  Consequently, Governor McMaster's motion to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim as to the disclosure, recordkeeping, and reporting requirements will be denied.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Governor McMaster's motion to dismiss the amended complaint is **DENIED**.

**IT IS SO ORDERED.**

Signed this 28th day of April 2021, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE