**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1369

PLANNED PARENTHOOD SOUTH ATLANTIC, on behalf of itself, its patients, and its physicians and staff; GREENVILLE WOMEN'S CLINIC, on behalf of itself, its patients, and its physicians and staff; TERRY L. BUFFKIN, M.D., on behalf of himself and his patients,

    Plaintiffs - Appellees,

  v.

ALAN WILSON, in his official capacity as Attorney General of South Carolina; WILLIAM WALTER WILKINS, III, in his official capacity as Solicitor for South Carolina's 13th Judicial Circuit,

    Defendants - Appellants,

HENRY DARGAN MCMASTER, in his official capacity as Governor of the State of South Carolina; JAMES H. LUCAS, a/k/a Jay, in his official capacity as Speaker of the South Carolina House of Representatives,

    Intervenors - Appellants,

  and

ANNE G. COOK, in her official capacity as President of the South Carolina Board of Medical Examiners; STEPHEN I. SCHABEL, in his official capacity as Vice President of the South Carolina Board of Medical Examiners; RONALD JANUCHOWSKI, in his official capacity as Secretary of the South Carolina Board of Medical Examiners; JIM C. CHOW, in his official capacity as a Member of the South Carolina Board of Medical Examiners; GEORGE S. DILTS, in his official capacity as a Member of the South Carolina Board of Medical Examiners; DION FRANGA, in his official capacity as a Member of the South Carolina Board of Medical Examiners; RICHARD HOWELL, in his official capacity as a Member of the South Carolina Board of Medical Examiners; THERESA MILLS-FLOYD, in her official capacity as a Member of the South Carolina Board of Medical Examiners;

JEFFREY A. WALSH, in his official capacity as a Member of the South Carolina Board of Medical Examiners; CHRISTOPHER C. WRIGHT, in his official capacity as a Member of the South Carolina Board of Medical Examiners; BYRON E. GIPSON, in his official capacity as Solicitor for South Carolina's 5th Judicial Circuit; EDWARD SIMMER, in his official capacity as Director of the South Carolina Department of Health and Environmental Control; SCARLETT A. WILSON, in her official capacity as Solicitor for South Carolina's 9th Judicial Circuit,

    Defendants.

------------------------------

THE AMERICAN CENTER FOR LAW AND JUSTICE; ETHICS AND RELIGIOUS LIBERTY COMMISSION; AMERICAN ASSOCIATION OF PRO-LIFE OBSTETRICIANS AND GYNECOLOGISTS; CHRISTIAN MEDICAL & DENTAL ASSOCIATIONS; CATHOLIC MEDICAL ASSOCIATION; INSTITUTE FOR FAITH AND FAMILY; WORLD FAITH FOUNDATION; STATE OF ALABAMA; STATE OF ALASKA; STATE OF ARKANSAS; STATE OF GEORGIA; STATE OF IDAHO; STATE OF INDIANA; STATE OF KANSAS; STATE OF KENTUCKY; STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF MISSOURI; STATE OF MONTANA; STATE OF NEBRASKA; STATE OF NORTH DAKOTA; STATE OF OHIO; STATE OF OKLAHOMA; STATE OF TENNESSEE; STATE OF TEXAS; STATE OF UTAH; STATE OF WEST VIRGINIA; LAW PROFESSORS; PROLIFE CENTER AT THE UNIVERSITY OF ST. THOMAS (MN),

    Amici Supporting Appellant.

VIRGINIA; CALIFORNIA; COLORADO; HAWAII; CONNECTICUT; ILLINOIS; MAINE; MARYLAND; MASSACHUSETTS; MICHIGAN; MINNESOTA; NEVADA; NEW JERSEY; NEW MEXICO; NEW YORK; OREGON; PENNSYLVANIA; RHODE ISLAND; VERMONT; WASHINGTON; DISTRICT OF COLUMBIA; AMERICAN COLLEGE OF OBSTETRICIANS AND GYNECOLOGISTS; AMERICAN MEDICAL ASSOCIATION; AMERICAN ACADEMY OF NURSING; AMERICAN ACADEMY OF FAMILY PHYSICIANS; AMERICAN ACADEMY OF PEDIATRICS; AMERICAN COLLEGE OF NURSE-MIDWIVES; AMERICAN COLLEGE OF PHYSICIANS; AMERICAN GYNECOLOGICAL AND OBSTETRICAL SOCIETY; AMERICAN PSYCHIATRIC ASSOCIATION; AMERICAN SOCIETY FOR REPRODUCTIVE MEDICINE; NURSE PRACTITIONERS IN WOMENS HEALTH; SOCIETY OF FAMILY PLANNING; SOCIETY OF GYNECOLOGIC ONCOLOGY; SOCIETY FOR MATERNAL-FETAL MEDICINE; SOCIETY OF OB/GYN HOSPITALISTS,

Amici Supporting Appellee.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia. Mary G. Lewis, District Judge. (3:21-cv-00508-MGL)

---

Argued: January 27, 2022                                  Decided: February 22, 2022

---

Before KING, THACKER and HARRIS, Circuit Judges.

---

Affirmed by published opinion. Judge Thacker wrote the opinion, in which Judge King and Judge Harris joined.

---

**ARGUED:** Christopher Ernest Mills, SPERO LAW LLC, Charleston, South Carolina, for Appellants. Julie Alyssa Murray, PLANNED PARENTHOOD FEDERATION OF AMERICA, Washington, D.C., for Appellees. **ON BRIEF:** Thomas A. Limehouse, Jr., Wm. Grayson Lambert, OFFICE OF THE GOVERNOR OF SOTUH CAROLINA, Columbia, South Carolina, for Appellant Governor McMaster. Alan Wilson, Robert D. Cook, J. Emory Smith, Jr., OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellant Attorney General Wilson and Solicitor Wilkins. Kevin A. Hall, M. Todd Carroll, WOMBLE BOND DICKINSON (US) LLP, Columbia, South Carolina, for Appellant Speaker Lucas. Hannah Swanson, PLANNED PARENTHOOD FEDERATION OF AMERICA, Washington, D.C.; M. Malissa Burnette, Kathleen McDaniel, Grant Burnette LeFever, BURNETTE SHUTT & MCDANIEL, PA, Columbia, South Carolina, for Appellee Planned Parenthood South Atlantic. Alexandra S. Thompson, Genevieve Scott, Jennifer Beard, CENTER FOR REPRODUCTIVE RIGHTS, New York, New York, for Appellees Greenville Women's Clinic and Dr. Terry L. Buffkin. Jay Alan Sekulow, Stuart J. Roth, Colby M. May, Walter M. Weber, Craig L. Parshall, Benjamin P. Sisney, Washington, D.C., Edward L. White III, Ann Arbor, Michigan, Francis J. Manion, AMERICAN CENTER FOR LAW AND JUSTICE, New Hope, Kentucky, for Amicus The American Center for Law and Justice. Tami Fitzgerald, INSTITUTE FOR FAITH & FAMILY, Raleigh, North Carolina; James L. Hirsen, WORLD FAITH FOUNDATION, Anaheim Hills, California; Deborah J. Dewart, DEBORAH J. DEWART, ATTORNEY AT LAW, Hubert, North Carolina, for Amici Institute for Faith & Family and World Faith Foundation. Steve Marshall, Attorney General, Edmund G. LaCour Jr., Solicitor General, A. Barrett Bowdre, Deputy Solicitor General, OFFICE OF THE ATTORNEY GENERAL OF ALABAMA, Montgomery,

Alabama, for Amicus State of Alabama. Treg R. Taylor, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF ALASKA, Anchorage, Alaska, for Amicus State of Alaska. Leslie Rutledge, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF ARKANSAS, Little Rock, Arkansas, for Amicus State of Arkansas. Christopher M. Carr, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF GEORGIA, Atlanta, Georgia, for Amicus State of Georgia. Lawrence G. Wasden, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF IDAHO, Boise, Idaho, for Amicus State of Idaho. Theodore E. Rokita, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF INDIANA, Indianapolis, Indiana, for Amicus State of Indiana. Derek Schmidt, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF KANSAS, Topeka, Kansas, for Amicus State of Kansas. Daniel Cameron, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF KENTUCKY, Frankfort, Kentucky, for Amicus Commonwealth of Kentucky. Jeff Landry, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF LOUISIANA, Baton Rouge, Louisiana, for Amicus State of Louisiana. Lynn Fitch, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MISSISSIPPI, Jackson, Mississippi, for Amicus State of Mississippi. Eric Schmitt, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MISSOURI, Jefferson City, Missouri, for Amicus State of Missouri. Austin Knudsen, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MONTANA, Helena, Montana, for Amicus State of Montana. Doug Peterson, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF NEBRASKA, Lincoln, Nebraska, for Amicus State of Nebraska. Wayne Stenehjem, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF NORTH DAKOTA, Bismarck, North Dakota, for Amicus State of North Dakota. Dave Yost, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF OHIO, Columbus, Ohio, for Amicus State of Ohio. Dawn Cash, Acting Attorney General, OFFICE OF THE ATTORNEY GENERAL OF OKLAHOMA, Oklahoma City, Oklahoma, for Amicus State of Oklahoma. Herbert Slatery III, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF TENNESSEE, Nashville, Tennessee, for Amicus State of Tennessee. Ken Paxton, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF TEXAS, Austin, Texas, for Amicus State of Texas. Sean D. Reyes, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF UTAH, Salt Lake City, Utah, for Amicus State of Utah. Patrick Morrisey, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF WEST VIRGINIA, Charleston, West Virginia, for Amicus State of West Virginia. John J. Bursch, Washington, D.C., Christopher P. Schandevel, Cody S. Barnett, ALLIANCE DEFENDING FREEDOM, Ashburn, Virginia, for Amici American Association of Pro-Life Obstetricians and Gynecologists, Christian Medical and Dental Association, and Catholic Medical Association. Timothy J. Newton, Columbia, South Carolina, for Amicus Ethics & Religious Liberty Commission. Gene C. Schaerr, H. Christopher Bartolomucci, Riddhi Dasgupta, SCHAERR | JAFFE LLP, Wahsington, D.C.; Teresa Stanton Collett, Minneapolis, Minnesota, for Amici Law Professors and the ProLife Center at the University of St. Thomas (MN). Mark R. Herring, Attorney General, Erin Ashwell, Chief Deputy Attorney General, Laura H. Cahill, Assistant Attorney General, Michelle S. Kallen, Acting Solicitor General, Brittany M. Jones, Deputy Solicitor General, Rohiniyurie

4

Tashima, John Marshall Fellow, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Amicus Commonwealth of Virginia. Rob Bonta, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF California, Sacramento, California, for Amicus State of California. Phil Weiser, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF COLORADO, Denver, Colorado, for Amicus State of Colorado. William Tong, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF CONNECTICUT, Hartford, Connecticut, for Amicus State of Connecticut. Clare E. Connors, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF HAWAII, Honolulu, Hawaii, for Amicus State of Hawaii. Kwame Raoul, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF ILLINOIS, Chicago, Illinois, for Amicus State of Illinois. Aaron M. Frey, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MAINE, Augusta, Maine, for Amicus State of Maine. Brian E. Frosh, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Amicus State of Maryland. Maura Healey, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MASSACHUSETTS, Boston, Massachusetts, for Amicus Commonwealth of Massachusetts. Dana Nessel, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MICHIGAN, Lansing, Michigan, for Amicus State of Michigan. Keith Ellison, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MINNESOTA, St. Paul, Minnesota, for Amicus State of Minnesota. Aaron D. Ford, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF NEVADA, Carson City, Nevada, for Amicus State of Nevada. Andrew J. Bruck, Acting Attorney General, OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY, Trenton, New Jersey, for Amicus State of New Jersey. Hector Balderas, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF NEW MEXICO, Santa Fe, New Mexico, for Amicus State of New Mexico. Letitia James, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF NEW YORK, Albany, New York, for Amicus State of New York. Ellen F. Rosenblum, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF OREGON, Salem, Oregon, for Amicus State of Oregon. Josh Shapiro, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF PENNYSYLVANIA, Harrisburg, Pennsylvania, for Amicus Commonwealth of Pennsylvania. Peter F. Neronha, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF RHODE ISLAND, Providence, Rhode Island, for Amicus State of Rhode Island. Thomas J. Donovan, Jr., Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VERMONT, Montpelier, Vermont, for Amicus State of Vermont. Robert W. Ferguson, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF WASHINGTON, Olympia, Washington, for Amicus State of Washington. Karl A. Racine, Attorney General, OFFICE OF THE ATTORNEY GENERAL OF THE DISTRICT OF COLUMBIA, Washington, D.C., for Amicus District of Columbia. Alan E. Schoenfeld, New York, New York, Hannah E. Gelbort, Boston, Massachusetts, Kimberly A. Parker, Aleksandr Sverdlik, WILMER CUTLER PICKERING HALE AND DORR LLP, Washington, D.C., for Amici American College of Obstetricians and Gynecologists, American Medical Association, American Academy of Family Physicians, American Academy of Nursing, American Academy of Pediatrics, American College of Nurse-Midwives, American College of Physicians,

American Gynecological and Obstetrical Society, American Psychiatric Society, American Society for Reproductive Medicine, Nurse Practitioners in Women's Health, Society of Family Planning, Society of Gynecologic Oncology, Society for Maternal-Fetal Medicine, and Society of OB/GYN Hospitalists.

THACKER, Circuit Judge:

Three abortion providers challenge South Carolina legislation that bans abortions after an ultrasound detects a "fetal heartbeat" -- usually around the sixth week of pregnancy, and well before the "viability threshold" protected by the Fourteenth Amendment to the federal Constitution. *See, e.g.*, *Roe v. Wade*, 410 U.S. 113, 153–54 (1973). The district court enjoined the enforcement of the statute. Several South Carolina state officials now appeal, arguing that the abortion providers do not have standing to pursue this action and that the district court erred by enjoining the law in its entirety instead of severing the six-week abortion ban component of the statute.

For the reasons articulated by the district court, we affirm.

I.

On February 18, 2021, South Carolina enacted the South Carolina Fetal Heartbeat and Protection from Abortion Act (the "Act"). S. 1, 2021–2022 Gen. Assemb., 124th Sess. (S.C. 2021). The Act's central focus is a provision making it unlawful to "perform, induce, or attempt to perform or induce an abortion on a pregnant woman with the specific intent of causing or abetting the termination of the life of the human fetus the pregnant woman is carrying and whose fetal heartbeat has been detected," absent exceptions for medical emergencies, rape, and incest. S.C. Code § 44-41-680. The Act also imposes procedural, recordkeeping, and reporting requirements on abortion providers, including a requirement to "perform an obstetric ultrasound," "display the ultrasound images so that the pregnant woman [seeking an abortion] may view the images," and "record a written medical description of the ultrasound images of the unborn child's fetal heartbeat," *id.* § 44-41-630,

7

and offer the pregnant woman seeking an abortion an opportunity "to hear the [fetal] heartbeat," *id.* § 44-41-640. In addition to the criminal penalties, the Act provides a private cause of action for a woman to sue an abortion provider if the "abortion was performed or induced in violation of [the Act]" or the woman "was not given the information" abortion providers are required to disclose in advance of an abortion procedure. *Id.* § 44-41-740. The Act also contains a "severability clause" that declares, in part, if any portion of the Act "is for any reason held to be unconstitutional or invalid, then such holding shall not affect the constitutionality or validity of the remaining portions of this [A]ct." S.1, § 7, 2021–2022 Gen. Assemb., 124th Sess. (S.C. 2021).

The same day the Act was enacted, three abortion providers -- Planned Parenthood South Atlantic, Greenville Women's Clinic, and Terry L. Buffkin, M.D. (collectively, "Appellees") -- brought suit to challenge the Act and moved for a preliminary injunction halting its enforcement. After a hearing, the district court granted Appellees' motion.

Four state officials who were either named as defendants or permitted to intervene in the action -- South Carolina Attorney General Alan Wilson; Solicitor for South Carolina's Thirteenth Judicial Circuit William Walter Wilkins, III; South Carolina Governor Henry McMaster; and Speaker of the South Carolina House of Representatives James Lucas (collectively, "Appellants") -- appeal that decision. Notably, Appellants do not challenge the district court's conclusion that Appellees are likely to succeed on their claims because the Act is unconstitutional. Indeed, the text of the Act itself recognizes that it is unconstitutional. *See* S.C. Code § 44-41-620(B) (providing that if *Roe v. Wade*, 410 U.S. 113 (1973), is overturned, South Carolina Attorney General may seek declaration that

8

Act is constitutional). Rather, Appellants contend that Appellees do not have standing to pursue their action and that the district court erred by enjoining the entirety of the Act instead of severing the six-week abortion ban portion of the legislation located in § 44-41-680.

We agree with the district court that Appellees have standing to bring this action and conclude that the district court did not abuse its discretion by enjoining the entirety of the Act instead of severing the six-week abortion ban.

II.

A.

We review de novo the district court's determination that Appellees have standing to bring this action. *South Carolina v. United States*, 912 F.3d 720, 726 (4th Cir. 2019). In concluding that Appellees have third-party standing to pursue their claims, the district court recognized, "the Supreme Court has long established that abortion providers have standing to assert their patients' rights" and "has also recognized the standing of abortion providers to sue on their own behalf when challenged legislation or regulations operate directly against them." *Planned Parenthood S. Atl. v. Wilson*, 527 F. Supp. 3d 801, 808 (D.S.C. 2021) (first citing *Singleton v. Wulff*, 428 U.S. 106, 117 (1976) (plurality opinion); and then citing *Planned Parenthood of Cent. Mo. v. Danforth*, 428 U.S. 52, 62 (1976)).

We agree with the district court. The Supreme Court has "long permitted abortion providers to invoke the rights of their actual or potential patients in challenges to abortion-related regulations" and has "generally permitted plaintiffs to assert third-party rights in cases [like this one] where the enforcement of the challenged restriction against the litigant

9

would result indirectly in the violation of third parties' rights." *June Med. Servs. LLC v. Russo*, 140 S. Ct. 2103, 2218–19 (2020) (plurality opinion) (internal quotation marks omitted) (emphasis deleted).

Even absent this longstanding precedent, Appellees plainly satisfy the criteria to assert third-party standing in this action. A litigant has third-party standing when it has suffered an injury-in-fact and "can reasonably be expected properly to frame the issues and present them with the necessary adversarial zeal." *Md. Shall Issue, Inc. v. Hogan*, 971 F.3d 199, 214–15 (4th Cir. 2020) (quoting *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 956 (1984)). The latter condition is met when the litigant seeking third-party standing demonstrates "a close relationship with the person who possesses the right" and "a hindrance to the possessor's ability to protect his own interests." *Id.* at 215 (alteration and internal quotation marks omitted) (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991)).

We recently held that abortion providers suffered an injury in fact sufficient to establish standing to challenge two North Carolina statutes that, similar to the Act, "criminaliz[e] . . . previability abortions" -- even though those statutes had not been enforced against the abortion providers. *Bryant v. Woodall*, 1 F.4th 280, 283, 289 (4th Cir. 2021). And the Supreme Court has noted that a patient seeking an abortion has a sufficiently close relationship with the abortion provider to establish third-party standing because "[a] woman cannot safely secure an abortion without the aid of a physician." *Singleton*, 428 U.S. at 117. The Court has likewise determined that a woman seeking an abortion has "several obstacles" to filing suit on her own behalf, including "a desire to

10

protect the very privacy of her decision from the publicity of a court suit" and "the imminent mootness, at least in the technical sense, of any individual woman's claim." *Id.*

These mootness considerations are especially prevalent in this case because, in addition to the difficulty the Court has recognized in completing litigation within the typical gestation period of nine months, the Act prohibits abortions after a "fetal heartbeat" is detected.  This usually occurs about six weeks after a woman's last menstrual period and at a time when many women do not yet know that they are pregnant and cannot even exercise what minimal right the Act affords them to secure an abortion -- which is precisely the effect the Act is intended to have.  *See* Press Release, S.C. Off. of the Governor, Gov. Henry McMaster Appeals Preliminary Injunction of Fetal Heartbeat Bill, Continues Fight for Unborn Children in South Carolina (July 7, 2021), https://governor.sc.gov/news/2021-07/gov-henry-mcmaster-appeals-preliminary-injunction-fetal-heartbeat-bill-continues-fight ("[W]e must defend South Carolina's Fetal Heartbeat Act against every challenge at every level . . . .  [T]he right to life is the most precious of rights and the most fragile.  We must never let it be taken for granted or taken away.").  Therefore, in keeping with Supreme Court precedent -- and with reality -- we hold that Appellees have third-party standing to bring this action.[*]

---

[*] In addition to arguing that Appellees cannot establish third-party standing, Appellants contend that Appellees "lack statutory standing" because 42 U.S.C. § 1983 does not permit them to assert the constitutional rights of their patients.  Appellants' Opening Br. at 30.  Even assuming this question is properly before us on appeal, Appellants' argument is meritless.  The very purpose of third-party standing is "to grant a third party standing to assert the rights of another." *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004).  It (Continued)

11

B.

We review the district court's grant of the preliminary injunction for abuse of discretion. *Redeemed Christian Church of God (Victory Temple) Bowie, Md. v. Prince George's Cty.*, 17 F.4th 497, 506 (4th Cir. 2021). "Pursuant to this standard, we review the district court's factual findings for clear error and review its legal conclusions de novo." *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013). Here, the district court reasoned that even though -- as Appellants acknowledge -- the six-week "fetal heartbeat" abortion ban component of the Act is unconstitutional, *see* S.C. Code § 44-41-620(B), it was appropriate to enjoin the Act in its entirety because it determined that the remaining portions of the Act were "mutually dependent on" the six-week abortion ban. *Planned Parenthood S. Atl.*, 527 F. Supp. 3d at 814.

We discern no abuse of discretion in this decision. "The question of the severability of a state statute's provisions is governed by state law." *Sons of Confederate Veterans, Inc.* ex rel. *Griffin v. Comm'r of Va. Dep't of Motor Vehicles*, 288 F.3d 610, 627 (4th Cir. 2002). As the district court recognized, "[w]hen determining whether a statutory provision can be severed, [South Carolina courts] consider whether the constitutional portion of the statute remains complete in itself, wholly independent of that which is rejected, and is of such a character that it may fairly be presumed the legislature would have passed it

---

therefore operates as an "exception" to "the rule that a party generally must assert his own legal rights and interests." *Id.* at 129–30 (internal quotation marks omitted).

independent of that which conflicts with the constitution." *Pinckney v. Peeler*, 862 S.E.2d 906, 915 (S.C. 2021) (internal quotation marks omitted).

The district court reasonably determined that, notwithstanding the Act's severability clause, its provisions were not severable. A straightforward review of the function of each of the provisions remaining in the Act after the removal of the six-week abortion ban reveals that the entirety of the statute was designed to carry out the ban. Specifically, the portions of the Act that require an abortion provider to perform an ultrasound, document the results, display the ultrasound images to the patient, and offer the patient the opportunity to listen to any detected fetal heartbeat are plainly intended to facilitate the Act's "fetal heartbeat" abortion ban. The same is true of the requirements that an abortion provider report the results of the ultrasound and disclose the presence of a fetal heartbeat to the patient seeking an abortion. These provisions serve to carry out the six-week abortion ban and make little sense without the ban. As such, the district court did not abuse its discretion by declining to sever the remaining portions of the Act.

### III.

In sum, we are content to rest on the reasoning of the district court. As the district court noted, "[t]his case does not present a close call." *Planned Parenthood S. Atl. v. Wilson*, 527 F. Supp. 3d 801, 816 (D.S.C. 2021). Therefore, the judgment of the district court is

*AFFIRMED.*

13