# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC, on behalf of itself, its patients, and its physicians and staff, GREENVILLE WOMEN'S CLINIC, on behalf of itself, its patients, and its physicians and staff, TERRY L. BUFFKIN, M.D., on behalf of himself and his patients,<br><br>    *Plaintiffs*,<br><br> v.<br><br>ALAN WILSON, in his official capacity as Attorney General of South Carolina; EDWARD SIMMER, in his official capacity as Director of the South Carolina Department of Health and Environmental Control; ANNE G. COOK, in her official capacity as President of the South Carolina Board of Medical Examiners; STEPHEN I. SCHABEL, in his official capacity as Vice President of the South Carolina Board of Medical Examiners; RONALD JANUCHOWSKI, in his official capacity as Secretary of the South Carolina Board of Medical Examiners; JIM C. CHOW, in his official capacity as a Member of the South Carolina Board of Medical Examiners; GEORGE S. DILTS, in his official capacity as a Member of the South Carolina Board of Medical Examiners; DION FRANGA, in his official capacity as a Member of the South Carolina Board of Medical Examiners; RICHARD HOWELL, in his official capacity as a Member of the South Carolina Board of Medical Examiners; THERESA MILLS-FLOYD, in her official capacity as a Member of the South Carolina Board of Medical Examiners; JENNIFER ROOT, in her official capacity as a Member of the South Carolina Board of Medical Examiners; CHRISTOPHER C. WRIGHT, in his official capacity as a Member of the South Carolina Board of | Civil Action No.: 3:21-cv-00508-MGL |

Medical Examiners; SCARLETT A. WILSON, in her official capacity as Solicitor for South Carolina's 9th Judicial Circuit; BYRON E. GIPSON, in his official capacity as Solicitor for South Carolina's 5th Judicial Circuit; and WILLIAM WALTER WILKINS III, in his official capacity as Solicitor for South Carolina's 13th Judicial Circuit,

*Defendants*,

v.

HENRY MCMASTER, in his official capacity as Governor of the State of South Carolina; and G. MURRELL SMITH, JR., in his official capacity as Speaker of the South Carolina House of Representatives,

*Intervenor-Defendants*.

## MOTION FOR SUMMARY JUDGMENT

Intervenor–Defendant Henry McMaster, in his official capacity as Governor of the State of South Carolina ("Governor McMaster"), Intervenor–Defendant G. Murrell Smith, Jr., in his official capacity as Speaker of the South Carolina House of Representatives ("Speaker Smith"), Defendant Alan Wilson, in his official capacity as Attorney General of South Carolina ("Attorney General Wilson"), and Defendant William Walter Wilkins III, in his official capacity as Solicitor for South Carolina's 13th Judicial District ("Solicitor Wilkins") (collectively, "Defendants" or "the State"), hereby move for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiffs' sole claim has no legal foundation because "the Constitution does not confer a right to abortion." *Dobbs v. Jackson Women's Health Organization*, No. 19-1392, slip op. at 69 (U.S. June

1

24, 2022). Thus, Plaintiffs cannot point to any material fact that would rescue their legally-deficient claim, and summary judgment is required.[1]

## BACKGROUND

The South Carolina Fetal Heartbeat and Protection from Abortion Act protects unborn life and maternal health. Under the Act, if a fetal heartbeat is detected, an abortionist may perform an abortion only in cases involving rape, incest, fetal anomalies, or where the abortion is "intended to prevent the death of the pregnant woman or to prevent the serious risk of a substantial and irreversible impairment of a major bodily function." Act § 3 (S.C. Code Ann. § 44-41-680). Violation of this provision by an abortionist is a felony punishable by a fine of $10,000 or two years in prison. *Id.* (S.C. Code Ann. § 44-41-680(D)).

Separately, the Act requires that the abortionist perform an ultrasound and give the mother the opportunity to view it and hear her child's heartbeat, as well as receive more information about her child's development. *Id.* (S.C. Code Ann. §§ 44-41-630, -640, -650, -660). The Act provides a cause of action against the abortionist for a woman not given this information or on whom an unlawful abortion was performed, including at least $10,000 in damages. *Id.* (S.C. Code Ann. § 44-41-740). And the Act adds disclosure and reporting requirements to various statutes. *Id.* §§ 3–6.

Before the Act even became law, Plaintiffs—all abortion providers—sued, purportedly on behalf of their current and future customers, asserting a single claim: deprivation of a substantive-due-process right to abortion. ECF No. 1 ¶ 66; *see* ECF No. 66 ¶ 66 (Amended Complaint). The Court entered a temporary restraining order against enforcement of the Act and later a preliminary injunction based on its conclusion that Plaintiffs had demonstrated a likelihood of success under

---

[1] Pursuant to Local Civil Rule 7.04, an accompanying supporting memorandum is not being submitted because this Motion contains a full explanation and a separate memorandum would serve no useful purpose.

the viability rule. ECF No. 73, at 10 ("[B]ecause the Court holds the Act bans abortion months before any fetus could be viable, Plaintiffs are likely to succeed on their claim that the Act is unconstitutional.").

Plaintiffs moved for summary judgment, asserting that under "binding precedent" and the "undisputed facts," "Plaintiffs are entitled to summary judgment." ECF No. 85, at 1. After Defendants moved to stay summary judgment briefing under Rule 56(d), ECF No. 91, this Court stayed litigation pending *Dobbs*, ECF No. 122. The State appealed the preliminary injunction on several grounds, and a Fourth Circuit panel heard oral arguments on January 27, 2022, and issued an opinion on February 22 affirming the preliminary injunction. The panel's opinion presumed that "the six-week 'fetal heartbeat' abortion ban component of the Act is unconstitutional." *Planned Parenthood S. Atl. v. Wilson*, 26 F.4th 600, 609 (4th Cir. 2022). The State's petition for rehearing en banc remains pending, as well as its motion for summary vacatur in light of *Dobbs*.

On June 24, the Supreme Court issued its decision in *Dobbs*. The Court overruled *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), and held that the Constitution does not provide a right to pre-viability elective abortions. Slip op. at 69, 79. The Court emphasized that "[t]he Constitution makes no reference to abortion, and no such right is implicitly protected by any constitutional provision." *Id.* at 5. In overruling *Roe* and *Casey*, the Court held that "[i]t is time to heed the Constitution and return the issue of abortion to the people's elected representatives." *Id.* at 6. "The permissibility of abortion, and the limitations, upon it, are to be resolved like most important questions in our democracy: by citizens trying to persuade one another and then voting." *Id.* (cleaned up).

Immediately after *Dobbs*, Defendants moved this Court for an emergency stay of the preliminary injunction. ECF No. 137. Rather than provide Defendants their view on the motion or

3

responding to that motion, Plaintiffs later filed a motion for voluntary dismissal without prejudice. ECF No. 141. Waiting several more days, and still without responding to Defendants, Plaintiffs moved to withdraw their previously granted motion for a preliminary injunction. ECF No. 144.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiffs assert a single claim: deprivation of a substantive-due-process right to abortion. ECF No. 66 ¶ 66.

2. No substantive due process right exists to elective abortions. *Dobbs*, slip op. at 69.

3. The Act's restriction on abortion "does not apply to a physician who performs a medical procedure that, by any reasonable medical judgment, is designed or intended to prevent the death of the pregnant woman or to prevent the serious risk of a substantial and irreversible impairment of a major bodily function of the pregnant woman." S.C. Code Ann. § 44-41-690(A); *accord* ECF No. 66 ¶ 43; ECF No. 5-3 ¶ 7.

4. The Act's restriction on abortion also does not apply if "the pregnancy is the result of rape, and the probable post-fertilization age of the fetus is fewer than twenty weeks"; "the pregnancy is the result of incest, and the probable post-fertilization age of the fetus is fewer than twenty weeks"; or "there exists a fetal anomaly." S.C. Code Ann. § 44-41-680(B).

## LEGAL STANDARD

Summary judgment is warranted whenever there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] matter of law for the court" "is always capable of decision at the summary judgment stage." *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992).

## ARGUMENT

As reflected by Plaintiffs' efforts to abandon their case, their sole legal claim fails because there is no constitutional right to elective abortions. Under binding precedent, "The Constitution does not prohibit the citizens of each State from regulating or prohibiting abortion." *Dobbs*, slip op. at 79. "A law regulating abortion, like other health and welfare laws, is entitled to a strong presumption of validity," and "[i]t must be sustained if there is a rational basis on which the legislature could have thought that it would serve legitimate state interests." *Id.* at 77 (cleaned up). "These legitimate interests include respect for and preservation of prenatal life at all stages of development; the protection of maternal health and safety; the elimination of particularly gruesome or barbaric medical procedures; the preservation of the integrity of the medical profession; [and] the mitigation of fetal pain." *Id.* at 78 (cleaned up).

South Carolina's Act easily passes rational-basis review. It expressly promotes the State's "legitimate interests from the outset of a pregnancy in protecting the health of the pregnant woman and the life of the unborn child who may be born." Act § 2(7). It does so in several ways, including by regulating the circumstances in which an abortionist may end the life of an unborn child with a beating heart. *See* Act § 3 (S.C. Code Ann. § 44-41-680). Thus, as in *Dobbs*, Plaintiffs' "constitutional challenge must fail." Slip op. at 78.

Moreover, the challenged portion of South Carolina's Act regulates only elective abortions. It provides exceptions for rape and incest (unlike the law in *Dobbs*), as well as the health of the mother. *See* S.C. Code Ann. § 44-41-680(B); *id.* § 44-41-690(A). The exception for maternal health is substantially identical to the one held sufficient even by the Supreme Court in *Casey* for

5

post-viability abortion regulations.[2] The Act is obviously constitutional. *Cf. Gonzales v. Carhart*, 550 U.S. 124, 163 (2007) (upholding an abortion restriction even without an exception for the health of the mother because of the "State's interest in promoting respect for human life at all stages in the pregnancy" and "medical uncertainty").

Defendants are therefore entitled to summary judgment.[3]

## CONCLUSION

The Court should grant summary judgment for Defendants.

---

[2] *Compare* S.C. Code Ann. § 44-41-690(A) ("Section 44-41-680 does not apply to a physician who performs a medical procedure that, by any reasonable medical judgment, is designed or intended to prevent the death of the pregnant woman or to prevent the serious risk of a substantial and irreversible impairment of a major bodily function of the pregnant woman."), *with Casey*, 505 U.S. at 879–80 (upholding Pennsylvania's law, which defined a medical emergency as "[t]hat condition which, on the basis of the physician's good faith clinical judgment, so complicates the medical condition of a pregnant woman as to necessitate the immediate abortion of her pregnancy to avert her death or for which a delay will create serious risk of substantial and irreversible impairment of a major bodily function").

[3] Summary judgment is also required for Defendants because there is no genuine dispute of material fact that Plaintiffs lack third-party standing, cannot state a third-party cause of action under 42 U.S.C. § 1983 or the Declaratory Judgment Act, and have no argument to invalidate the unchallenged provisions of the Act. *See* ECF No. 48-1, at 11–22; ECF No. 70, at 4–11; ECF No. 79-1, at 9–24; ECF No. 98, at 2–15. But this Court may resolve this case based on the above argument instead, given that under current precedent, the other deficiencies in Plaintiffs' case may not relate to subject-matter jurisdiction. *See* ECF No. 79-1, at 9 n.2; *June Med. Servs. LLC v. Russo*, 140 S. Ct. 2103, 2117 (2020) (plurality opinion).

Respectfully submitted,

/s/   Kevin A. Hall
Kevin A. Hall (Fed. Bar No. 5375)
M. Todd Carroll (Fed. Bar No. 9742)
Womble Bond Dickinson (US) LLP
1221 Main Street, Suite 1600
Columbia, South Carolina  29201
(803) 454-6504
Email: kevin.hall@wbd-us.com
Email: todd.carroll@wbd-us.com

*Counsel for Speaker Smith*

/s/   J. Emory Smith, Jr.
Alan Wilson (Fed. Bar No. 10457)
*Attorney General*
Robert D. Cook (Fed. Bar No. 285)
*Solicitor General*
J. Emory Smith, Jr. (Fed. Bar No. 3908)
*Deputy Solicitor General*
Office of the Attorney General
P.O. Box 11549
Columbia, South Carolina  29211
(803) 734-3677
Email: RCook@scag.gov
Email: ESmith@scag.gov

*Counsel for Attorney General Wilson and Solicitor Wilkins*

/s/   Christopher E. Mills
Christopher E. Mills (Fed. Bar No. 13432)
Spero Law LLC
557 East Bay St. #22251
Charleston, South Carolina  29413
(843) 606-0640
Email: cmills@spero.law

Thomas A. Limehouse, Jr. (Fed. Bar No. 12148)
*Chief Legal Counsel*
Wm. Grayson Lambert (Fed. Bar. No. 11761)
*Senior Legal Counsel*
Michael G. Shedd (Fed. Bar No. 13314)
*Deputy Legal Counsel*
Office of the Governor
South Carolina State House
1100 Gervais Street
Columbia, South Carolina  29201
(803) 734-2100
Email: tlimehouse@governor.sc.gov
Email: glambert@governor.sc.gov

*Counsel for Governor McMaster*

June 27, 2022
Columbia, South Carolina