**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
(Columbia Division)**

| | |
|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC, on behalf of itself, its patients, and physicians and staff, *et al.*, <br><br>                                  *Plaintiffs*, <br><br>     v. <br><br> ALAN WILSON, in his official capacity as Attorney General of South Carolina, *et al.*, <br><br>                                  *Defendants*. | Case No. 3:21-cv-00508-MGL |

**REPLY IN SUPPORT OF PLAINTIFFS' EMERGENCY RULE 41(A)(2)
MOTION TO DISMISS WITHOUT PREJUDICE**

Now that the bedrock federal precedent underlying Plaintiffs' sole claim has been overruled, Plaintiffs are eager to attack SB 1 on other legal grounds so that they can resume providing abortion after six weeks' gestation to people in South Carolina in urgent need of that care. Because Plaintiffs anticipate that Defendants will argue that sovereign immunity bars Plaintiffs from raising state-law claims in federal court,[1] Plaintiffs seek prompt voluntary dismissal of their federal claim without prejudice under Federal Rule of Civil Procedure 41(a)(2) so that they can seek relief from SB 1 in state court. Defendants fail to show how this dismissal would cause them "substantial prejudice," so dismissal without prejudice under Rule 41(a)(2) is appropriate. *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).

---

[1] After reviewing Defendants' response to their emergency motion for voluntary dismissal, which objects to the suggestion that Plaintiffs might file a new action against Defendants challenging SB 1 on other grounds, Plaintiffs contacted Defendants to ask whether they would agree to waive any sovereign immunity defenses that they believe apply in this case so that Plaintiffs could amend their existing complaint and litigate federal and state-law claims in this forum. Defendants responded that they do not waive any sovereign immunity defenses and that "Defendants do not consider any question of sovereign immunity relevant to the issues presented by Plaintiffs' motion, which are whether Plaintiffs' federal action should be dismissed on an emergency basis without prejudice, without costs, and without other conditions." *See* Exhibit A.

## ARGUMENT

The purpose of Rule 41(a)(2) "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Indeed, a "motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent *substantial* prejudice to the defendant." *Andes*, 788 F.2d at 1036 (emphasis added). Whether to grant or deny dismissal is committed to the district court's discretion. *Davis*, 819 F.2d at 1273.

Defendants in this case will not be prejudiced by voluntary dismissal. Despite Defendants' protestations, *see generally* Response to Emergency Motion for Voluntary Dismissal, ECF No. 147 ("Response Br."), this case has not proceeded to a stage where dismissal would prejudice them. When Plaintiffs moved for summary judgment in April 2021, Defendants characterized that filing as "blatantly premature" and sought a stay of the briefing schedule and other scheduling order deadlines, ECF No. 91-1, which the Court ultimately granted in part, ECF No. 122. Defendants' characterization of this case as "a long federal proceeding" ignores that for the past several months this litigation has effectively been halted in its tracks just out of the gate. Response Br. at 8. Defendants' motion for summary judgment, ECF No. 146—filed after Plaintiffs' motion to voluntarily dismiss and just minutes before Defendants' response to Plaintiffs' motion—does not change this calculus.

Further, Defendants complain that they have been "forced . . . to urgently engage expert witnesses, develop expert reports, locate and obtain testimony from fact witnesses, and engage in extensive motion practice to preserve necessary avenues of discovery." Response Br. at 8. But most, if not all, of this work was apparently conducted on behalf of Intervenor-Defendant Governor McMaster, *see* ECF No. 147-1, and the Governor can hardly claim prejudice from work performed on a case that he himself insisted on joining despite not being named as a defendant.

*See, e.g.*, ECF Nos. 32, 44, 44-1, 44-2, 44-3, 47, 48, 48-1, 58, 62, 67, 70, 79, 79-1, 91, 91-1, 91-2, 117-1, 117-2.

Plaintiffs strenuously object to Defendants' assertion that Plaintiffs have "reaped the benefits of this action for the past year" by "engaging in conduct that violates state law only because the injunction was in place," and that Plaintiffs are now "ramp[ing] up their unlawful conduct." Response Br. at 10–11. As this Court and the Fourth Circuit held, SB 1 was plainly invalid under binding Supreme Court precedent. *Planned Parenthood South Atlantic v. Wilson*, 527 F. Supp. 3d 801, 810 (D.S.C. 2021), *aff'd by* 26 F.4th 600, 606 (4th Cir. 2022). Defendants' breathtaking disregard for judicial supremacy has no basis in law. *E.g.*, *Marbury v. Madison*, 5 U.S. 137, 177 (1803) ("It is emphatically the province and duty of the judicial department to say what the law is.").

Finally, "[i]t is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit." *Davis*, 819 F.2d at 1274; *see also Fidelity Bank PLC v. N. Fox Shipping N.V.*, 242 F. App'x 84, 88–90 (4th Cir. 2007) (holding that district court did not err in granting plaintiff's motion to dismiss without prejudice over defendant's opposition because the prospect of a subsequent lawsuit did not constitute prejudice). Moreover, Defendants appear to assume that if Plaintiffs do not file a subsequent lawsuit, Defendants will have no further need to defend the constitutionality of SB 1. But given the intervening change in law since Plaintiffs filed their operative complaint in this case, see *Dobbs v. Jackson Women's Health Org.*, No. 19-1392, slip op. (U.S. June 24, 2022), Plaintiffs could move to amend their complaint to bring alternative challenges to SB 1 in this forum. *See* Fed. R. Civ. P. 15(a)(2). Defendants are wrong to presume that dismissal of this case without prejudice would demand more of them than the alternative of continued litigation in federal court.

Because dismissal of this case without prejudice will not prejudice Defendants, none of Defendants' proposed conditions on dismissal are necessary or appropriate. *See* Fed. R. Civ. P. 41(a)(2) (providing that the court can impose "terms that the court considers proper"); *Continental Casualty Co. v. McCabe Trotter & Beverly, P.C.*, No. 2:21-cv-01849-DCN, 2021 WL 3811383, at *4–6 & *5 n.3 (D.S.C. Aug. 26, 2021) (granting plaintiff's motion to dismiss without prejudice and declined to award defendant costs or attorney's fees because plaintiff had not engaged in vexatious litigation or any kind of bad faith).

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court promptly enter an order dismissing this action without prejudice and without costs.

Respectfully submitted,

/s/ *M. Malissa Burnette*
M. Malissa Burnette (Fed. Bar No. 1616)
Kathleen McDaniel (Fed. Bar No. 10139)
Grant Burnette LeFever (Fed. Bar No. 12943)
Burnette Shutt & McDaniel, PA
P.O. Box 1929
Columbia, SC 29202
(803) 904-7913
mburnette@burnetteshutt.law
kmcdaniel@burnetteshutt.law
glefever@burnetteshutt.law

*Attorneys for Plaintiffs*

Julie A. Murray*
Hannah Swanson*
Planned Parenthood Federation of America
1110 Vermont Avenue, NW, Suite 300
Washington, DC 20005
(202) 803-4045
julie.murray@ppfa.org
hannah.swanson@ppfa.org

*Attorneys for Plaintiff Planned Parenthood South Atlantic*

Michelle Moriarty*
Center for Reproductive Rights
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3639
mmoriarty@reprorights.org

*Attorneys for Plaintiffs Greenville Women's Clinic and Dr. Terry L. Buffkin*

\* *Admitted pro hac vice*

Dated: June 28, 2022

# EXHIBIT A



Swanson, Hannah <hannah.swanson@ppfa.org>

## Planned Parenthood South Atlantic v. Wilson

2 messages

---

**Swanson, Hannah** <hannah.swanson@ppfa.org>                                    Tue, Jun 28, 2022 at 1:13 PM
To: Christopher Mills <cmills@spero.law>
Cc: "glefever@burnetteshutt.law" <glefever@burnetteshutt.law>, "kmcdaniel@burnetteshutt.law"
<kmcdaniel@burnetteshutt.law>, "mburnette@burnetteshutt.law" <mburnette@burnetteshutt.law>, "julie.murray@ppfa.org"
<julie.murray@ppfa.org>, "mmoriarty@reprorights.org" <mmoriarty@reprorights.org>, "biggerac@dhec.sc.gov"
<biggerac@dhec.sc.gov>, "dickmajs@dhec.sc.gov" <dickmajs@dhec.sc.gov>, "Marshall.Taylor@dhec.sc.gov"
<Marshall.Taylor@dhec.sc.gov>, "bob.horner@llr.sc.gov" <bob.horner@llr.sc.gov>, "gipson.byron@richlandcountysc.gov"
<gipson.byron@richlandcountysc.gov>, "gscott@reprorights.org" <gscott@reprorights.org>, "Limehouse, Thomas"
<TLimehouse@governor.sc.gov>, "Lambert, Grayson" <GLambert@governor.sc.gov>, "Shedd, Michael"
<MShedd@governor.sc.gov>, "Hall, Kevin" <Kevin.Hall@wbd-us.com>, Todd Carroll <Todd.Carroll@wbd-us.com>, Bob Cook
<RCook@scag.gov>, Emory Smith <ESmith@scag.gov>, Thomas Hydrick <ThomasHydrick@scag.gov>, Astrid Ackerman
<AAckerman@reprorights.org>

Counsel,

Given your response to Plaintiffs' motion to voluntarily dismiss without prejudice, it appears Defendants would be open to
waiving any sovereign immunity defense that you believe would otherwise be available to your clients with respect to all
state law claims for injunctive and declaratory relief. If that is correct, please let me know so that we may consider whether
to amend our federal complaint to add any claims that we would bring in state court in the federal case instead of
dismissing.

If Defendants are amenable, please let me know by 5 pm today.

Best,
Hannah

--
**Hannah Swanson** (she/her)
Staff Attorney, Public Policy Litigation & Law
Planned Parenthood Federation of America
hannah.swanson@ppfa.org
(202) 803-4030

---

**Christopher Mills** <cmills@spero.law>                                          Tue, Jun 28, 2022 at 3:59 PM
To: "Swanson, Hannah" <hannah.swanson@ppfa.org>
Cc: "glefever@burnetteshutt.law" <glefever@burnetteshutt.law>, "kmcdaniel@burnetteshutt.law"
<kmcdaniel@burnetteshutt.law>, "mburnette@burnetteshutt.law" <mburnette@burnetteshutt.law>, "julie.murray@ppfa.org"
<julie.murray@ppfa.org>, "mmoriarty@reprorights.org" <mmoriarty@reprorights.org>, "biggerac@dhec.sc.gov"
<biggerac@dhec.sc.gov>, "dickmajs@dhec.sc.gov" <dickmajs@dhec.sc.gov>, "Marshall.Taylor@dhec.sc.gov"
<Marshall.Taylor@dhec.sc.gov>, "bob.horner@llr.sc.gov" <bob.horner@llr.sc.gov>, "gipson.byron@richlandcountysc.gov"
<gipson.byron@richlandcountysc.gov>, "gscott@reprorights.org" <gscott@reprorights.org>, "Limehouse, Thomas"
<TLimehouse@governor.sc.gov>, "Lambert, Grayson" <GLambert@governor.sc.gov>, "Shedd, Michael"
<MShedd@governor.sc.gov>, "Hall, Kevin" <Kevin.Hall@wbd-us.com>, Todd Carroll <Todd.Carroll@wbd-us.com>, Bob Cook
<RCook@scag.gov>, Emory Smith <ESmith@scag.gov>, Thomas Hydrick <ThomasHydrick@scag.gov>, Astrid Ackerman
<AAckerman@reprorights.org>

Counsel,

Plaintiffs' assumption is incorrect.  Defendants have not waived, and do not waive, any sovereign immunity defenses.
*E.g.*, ECF No. 107, at 12; ECF No. 77, at 15.  We provide that position on the condition that if you reference the point in
your reply, you include the following verbatim: "Defendants do not consider any question of sovereign immunity relevant to

the issues presented by Plaintiffs' motion, which are whether Plaintiffs' federal action should be dismissed on an emergency basis without prejudice, without costs, and without other conditions."


Christopher


Christopher Mills

(843) 606-0640 | cmills@spero.law | www.spero.law

557 East Bay Street #22251

Charleston, SC 29413



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

[Quoted text hidden]


*This e-mail is for the sole use of the intended recipient(s) and contains information which is confidential and/or legally privileged. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or taking of any action in reliance on the contents of this e-mail information is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail and destroy all copies of the original message.*