

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| PLANNED PARENTHOOD SOUTH ATLANTIC *et al.*, | § § | |
| Plaintiffs, | § § | |
| vs. | § § | Civil Action No.: 3:21-00508-MGL |
| ALAN WILSON, *in his official capacity as Attorney General of South Carolina, et al.*, | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION TO DISMISS,
DISMISSING THE CASE WITHOUT PREJUDICE,
DEEMING ALL REMAINING MOTIONS AS MOOT,
AND LIFTING THE STAY OF AND VACATING THE PRELIMINARY INJUNCTION**

### I. INTRODUCTION

Plaintiffs Planned Parenthood South Atlantic, on behalf of itself, its patients, and its physicians and staff; Greenville Women's Clinic, on behalf of itself, its patients, and its physicians and staff; and Terry L. Buffkin, M.D., on behalf of himself and his patients (collectively, Plaintiffs), filed this action, challenging the constitutionality of the South Carolina Fetal Heartbeat and Protection from Abortion Act, (the Act), codified at S.C. Code Ann. § 44-41-60, *et seq.*, pursuant to 42 U.S.C. § 1983.

Plaintiffs now move to dismiss this case without prejudice under Federal Rule of Civil Procedure 41(a)(2). Defendants Alan Wilson and William Walter Wilkins, III, as well as Intervenor-Defendants Henry McMaster (McMaster) and G. Murrell Smith, Jr., (collectively,

Moving Defendants) oppose the motion and ask the Court to grant their motion for summary judgment or dismiss this action with prejudice. The Court, having considered the motion, the response, the reply, Moving Defendants' supplemental response, Plaintiffs' supplemental reply, the record, and the relevant law, will grant Plaintiffs' motion to dismiss and dismiss this matter without prejudice.

## II.     PROCEDURAL HISTORY

In February 2021, upon Plaintiffs' motions, this Court entered a temporary restraining order and later a preliminary injunction enjoining enforcement of the Act, holding it unconstitutional under *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood of Se. Pa. v. Casey*, 506 U.S. 833 (1992). A Fourth Circuit panel affirmed the preliminary injunction and Moving Defendants moved for rehearing *en banc*.

On June 24, 2022, almost a year and a half after this Court issued its preliminary injunction in this case, the Supreme Court decided *Dobbs v. Jackson Women's Health Organization*, 592 U.S. __, 2022 WL 2276808, at *7, *42 (June 24, 2022), which overturned *Roe* and *Casey*. Moving Defendants immediately moved to stay the preliminary injunction, which the Court granted.

In accordance with *Dobbs*, the Fourth Circuit vacated this Court's preliminary injunction order, denied the motion for hearing on *en banc* as moot, and remanded the matter to this Court. The mandate issued on July 21, 2022.

Plaintiffs have also instigated an action in state court challenging the Act under state law.

In this Court, Plaintiffs filed the instant motion, as well as a motion to expedite, which the Court granted. Moving Defendants responded and Plaintiffs replied on an expedited briefing schedule. Moving Defendants also filed a contemporaneous motion for summary judgment. Moving Defendants also filed a supplemental response to the motion to dismiss, and Plaintiffs

followed suit with a supplemental reply. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion to dismiss.

### III.    STANDARD OF REVIEW

After the opposing party serves either an answer or a motion for summary judgment, a case may be voluntarily dismissed only by stipulation of the parties or by Court order "on terms that the [C]ourt considers proper." Fed. R. Civ. P. 41(a)(1), (2). Unless stated, a dismissal by Court order is without prejudice. *Id.* at (a)(2).

The Court should "freely . . . allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Indeed, a "motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).

"The crucial question to be determined is, Would the defendant lose any substantial right by the dismissal" without prejudice. *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001) (quoting *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967)). Rule 41(a)(2) "permits the district court to impose conditions on voluntary dismissal to obviate any prejudice to the defendants which may otherwise result from dismissal without prejudice." *Davis*, 819 F.2d at 1273.

### IV.    DISCUSSION AND ANALYSIS

Plaintiffs initiated this litigation challenging the then-recently adopted state statute based upon foundational case law establishing the constitutional right of access to abortion under certain circumstances. The Supreme Court overturned longstanding precedents in *Dobbs*, finding that there is no constitutionally protected right to abortion. *Dobbs*, 2022 WL 2276808, at *7. With

this dramatic change in the legal landscape, Plaintiffs now seek to dismiss their action without prejudice.

### A.     *Whether the Court should dismiss this action without prejudice*

Plaintiffs insist dismissal without prejudice will not substantially prejudice Moving Defendants. Moving Defendants decline to object to dismissal, but seek dismissal with prejudice or granting of their summary judgment motion. Moving Defendants maintain that otherwise they will suffer substantial prejudice by not having the Court dispose of the case on the merits, especially given the time and resources already spent on this matter. Moving Defendants also contend Plaintiffs are attempting impermissible forum shopping to avoid the consequences of res judicata.

When deciding whether to grant dismissal without prejudice, the Court may consider, among any other relevant factors, "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. S. Exp. Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

The Court recognizes both parties have expended resources in the litigation of this case. Nevertheless, through no fault of the Plaintiffs', the matter is in much the same position now as it would be absent that expense—back at square one. The reality of the matter is the parties spent labor and resources preparing and briefing motions based on now-invalid law.

Plaintiffs also argue much of the expense expended by Moving Defendants was on behalf of McMaster, a permissive intervenor. They maintain McMaster "can hardly claim prejudice on a case that he himself insisted on joining despite not being named as a defendant." Reply at 2. The Court agrees. It refuses to fault Plaintiffs for McMaster's choice to enter this case and thus incur expenses during the pendency of litigation.

Similarly, the Court declines to impute prejudice from the expense of Moving Defendants' choice to appeal the Court's preliminary injunction order which, as evidenced by the Fourth Circuit's initial affirming decision, was, at the time, a futile exercise given the clear Supreme Court directives that bound the panel—as they bound this Court.

Moving Defendants argue "[w]iping away the[ir] significant efforts would be highly prejudicial." Response at 10. But, dismissal without prejudice will not "wipe away" the fruits of Moving Defendants' expended time and resources; the Supreme Court's decision in *Dobbs* did that. Plaintiffs are blameless for the sudden and stark change to the law, which occurred more than a year after they filed this case.

In other words, Plaintiffs did not "litigat[e and] los[e.]" *See GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007) (reasoning that on a Rule 41(a)(2) motion to dismiss, although a court should "focus primarily" on the interests of defendants, it need not "exclude all other considerations[,]" including preventing plaintiffs from "litigating, losing, and then wiping the slate clean by voluntarily dismissing their action."). Indeed, Plaintiffs' own litigation had nothing to do with any loss.

And, as this case has been stayed for over a year, the parties actively litigated for only about five months. This case is thus not so old as it may seem, even considering Moving Defendants' pending motion for summary judgment. Moving Defendants motion for summary judgment was filed while this case was still stayed. Despite the urgency with which all parties have acted since the Supreme Court's decision in *Dobbs*, the Court notes that both Plaintiffs' motion to dismiss and Moving Defendants' motion for summary judgment were made in absence of an operative scheduling order.

For purposes of Rule 41(a)(2), "prejudice to the defendant does not result from the prospect of a second lawsuit." *Davis*, 819 F.2d at 1274. And, as other circuits have noted the "fact

that a plaintiff may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient [substantial] prejudice to justify denying a motion for voluntary dismissal." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (quoting *Gross v. Spies*, 133 F.3d 914 (4th Cir. 1998) (unpublished)). "In sum, the potential for forum shopping does not count as [substantial] prejudice." *Id.* This is true even in a case like this where Plaintiffs have already filed the second suit.

Thus, even if Plaintiffs engage in exactly the forum shopping Moving Defendants accuse them of, Moving Defendants' argument still fails. Likewise, even if dismissal without prejudice changes the preclusive consequences, the Court refuses to impute substantial prejudice. This is true for any case in which the Court declines to reach the merits in favor of granting dismissal without prejudice. The possibility of continued litigation on the issues, as discussed above, is insufficient. Although the Court understands Moving Defendants' wish to ensure preclusion of any future claims, their res judicata arguments thus also fail to establish substantial prejudice. Plaintiffs' attempt to preserve state-law claims, then, is thus sufficient explanation for dismissal, particularly in the absence of substantial prejudice.

Simply put, the Court struggles to see what prejudice Moving Defendants will suffer if the Court dismisses the case without prejudice. With dismissal, the challenge to the constitutionality of the state law will end, the preliminary injunction will have been vacated, and the statute will remain in full force and effect. Moreover, on the overarching issue of constitutional protection of the right to abortion, the Supreme Court has ruled in *Dobbs*.

Moving Defendants thus fail to show they would "lose any substantial right by the dismissal" without prejudice. *Pontenberg*, 252 F.3d at 1255. Nor have they shown any other substantial prejudice. Accordingly, for all the reasons stated above, the Court will thus dismiss this case without prejudice.

### B.     *Whether the Court should impose conditions on dismissal without prejudice*

Moving Defendants further argue that the Court should impose several conditions on any dismissal without prejudice. They maintain the Court should require that Plaintiffs consent to (1) refrain from later raising, in any forum, federal or state claims that could have been raised in this action; (2) pay taxable costs associated with the district court and appellate proceedings; (3) vacatur of the Fourth Circuit's panel opinion; and (4) a stay and eventual vacatur of the preliminary injunction order and opinion. Plaintiffs respond that because Moving Defendants will suffer no prejudice, the proposed conditions are unnecessary and inappropriate.

The Fourth Circuit has already vacated its panel opinion and this Court's preliminary injunction order. The Court thus need not address those proposed conditions.

Regarding the Moving Defendants' insistence that costs "should be imposed as a matter of course in most cases[,]" Response at 12 (quoting *Davis*, 819 F.2d at 1276), the Court must look at the circumstances of each case subject to voluntary dismiss. Here, Plaintiffs filed this case in response to the South Carolina General Assembly's passage of the Act in defiance of prevailing constitutional jurisprudence. The Court holds it would be improvident to impose costs on Plaintiffs for challenging such a brazen departure from the Supreme Court's instruction.

Finally, for the same reasons Moving Defendants failed to show substantial prejudice, the Court deems it unnecessary to impose the proposed limitation on Plaintiffs' ability to bring future claims. *See Davis*, 819 F.2d at 1275 ("Imposition of conditions limiting a plaintiff's recourse to the state courts may also be an affront to principles of comity because such conditions may usurp the authority of the state courts to resolve questions of state law.").

In sum, the Court regards its own duty to protect the Constitution and to uphold the law with the utmost respect and reverence. It must follow the law—not as it was, not as it may become,

not as it should be, but as it is. In this case, the law demands dismissal of this matter without prejudice.

## V.     CONCLUSION

Therefore, given the foregoing discussion and analysis, it is the judgment of the Court Plaintiffs' motion to dismiss without prejudice is **GRANTED**; and this case is thus **DISMISSED WITHOUT PREJUDICE** and without fees or costs to either party. All other pending motions are **DEEMED AS MOOT**; and the stay of the preliminary injunction is **LIFTED** and the preliminary injunction is **VACATED** in accordance with the Fourth Circuit's mandate.

**IT IS SO ORDERED.**

Signed this 22nd day of July 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE